IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRYAN ALLEN DONALDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  3:15cv339-WHA |
| ) | |
| GFA ALABAMA, INC. and RYDER ) | |
| TRUCK RENTAL, ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Partial Summary Judgment (Doc. #40) filed by the Defendants.

The Plaintiff, Bryan Allen Donaldson ("Donaldson"), filed a Complaint in the state court of Gwinnett County, Georgia.   The case was removed to the United States District Court for the Northern District of Georgia on the basis of diversity subject matter jurisdiction. The case was subsequently transferred to this court on the basis of convenience, pursuant to 28 U.S.C. §1404(a).

The Plaintiff brings claims for negligence; vicarious liability for negligence of Defendant GFA Alabama, Inc. ("GFA"); direct liability of GFA for negligent supervision, hiring, training and retention and entrustment; and negligent entrustment of Ryder Truck Rentals ("Ryder").[1] Donaldson also alleges that he is entitled to punitive damages based on the Defendants' "entire want of care" which the parties appear have construed as a wantonness claim. (Doc. #1-1 at p.8).

The Defendants move for summary judgment on claims of wantonness; negligent and/or wanton entrustment, hiring training, or supervision; and negligent and/or wanton failure to employ

---

[1]   The Counts brought by Plaintiff Donaldson begin with Count Two.   There is no Count One in the Complaint.

proper safety procedures.

For the reasons to be discussed, the Motion for Partial Summary Judgment is due to be GRANTED in part and DENIED in part without prejudice to being refiled.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.   Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."   Fed. R. Civ. P. 56 (c)(1)(A),(B).   Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).   On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*,

477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

This case arises out of traffic accident that occurred on April 5, 2013.  At the time of the vehicle collision, Donaldson was driving from work in a pick-up truck.  Jermaine Benton ("Benton"), an employee of GFA, was driving a 2009 International ProStar tractor.  Benton drove into an intersection into the path of Donaldson's vehicle.  Donaldson's vehicle collided with the driver's side of the GFA vehicle.

Benton stated that he did not see the vehicle upon entering the intersection.  Benton submitted to a drug test and tested negative.  Benton had worked at GFA for 11 months prior to this collision.

GFA takes the position the Benton was disciplined on one occasion for speeding prior to this collision.  Donaldson states that GFA has not yet produced Benton's entire driver file.

Benton's employment with GFA was terminated as a result of this accident.

### IV. DISCUSSION

The Defendants move for summary judgment on the basis that Donaldson cannot provide

evidence to establish that Benton or GFA acted wantonly; that GFA was negligent in entrusting, hiring, or supervising Benton; that GFA was not in compliance with Federal Motor Carrier Safety Regulations; or that Ryder was negligent or wanton in leasing the vehicle to GFA.

In his response, Donaldson does not address any claim against Defendant Ryder, or any theory of a claim against GFA for failure to comply with appropriate regulations. Donaldson having abandoned those theories, judgment is due to be entered against him on those claims. *See, e.g., Edmondson v. Bd. of Trustees of Univ. of Alabama*, 258 F. App'x 250, 253 (11th Cir. 2007) (stating "a party may not rely on her pleadings to avoid judgment against her. There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.").

The remaining claims subject to the Motion for Partial Summary Judgment are claims for wantonness and negligent and wanton entrustment, supervision, hiring, training, and retention claims against GFA.

The Defendants move for summary judgment as to the claim for wantonness against GFA, stating that although the Complaint alleges that GFA is vicariously liable for Benton's wanton operation of the tractor trailer, Donaldson cannot present evidence that GFA's employee, Benton, acted wantonly. As to claims of negligent and wanton entrustment, supervision, hiring, training, and retention, the Defendants state that the only evidence before the court is that Benton had only one previous driving issue, for which he was disciplined.

Donaldson responds that the parties are currently conducting discovery and he has submitted interrogatories, requests for production of documents, and requests for admission which

4

are still outstanding. Donaldson also states that he has not deposed Benton or employees of GFA Alabama, Inc. Donaldson points specifically to production of Benton's personnel file as providing evidence with regard to GFA's knowledge of Benton's driving ability.

Donaldson cites the court to *Cowan v. J.C Penney, Co., Inc*., 790 F.2d 1529, 1532 (11th Cir. 1986). In *Cowan*, the court explained that the failure to file a motion under Fed. R. Civ. P. 56 to foreclose entry of summary judgment does not foreclose an argument that entry of judgment is in error because the plaintiff had brought to the court's attention that a discovery response was still outstanding. 790 F.2d at 1532. The court explained that summary judgment is premature when the moving party has not answered the opponent's interrogatories. *Id.* The court concluded that summary judgment was inappropriate under those circumstances. *Id.* at 1533.

The Defendants filed a Reply brief in support of their motion, but in that brief they do not address Donaldson's *Cowan* argument.

Donaldson having represented in his brief that there are outstanding interrogatories, requests for production of documents, and requests for admission which will address issues raised by the Motion for Summary Judgment, the court concludes that the better course is to deny the Motion for Summary Judgment as to the wantonness claim and negligent and wanton entrustment, supervision, hiring, training, and retention claims against GFA without prejudice to it being filed by the dispositive motion deadline, after the requested discovery has been provided.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion for Partial Summary Judgment (Doc. #40) is GRANTED as to Count Four, negligent entrustment and wantonness against Ryder Truck Rental and as to the

claim in Count Three that GFA was not in compliance with Federal Motor Carrier Safety Regulations.   Judgment is entered in favor of Defendant Ryder Truck Rental and in favor of GFA Alabama, Inc. and against Bryan Donaldson on those claims.

2.   The Motion for Partial Summary Judgment (Doc. #40) is DENIED without prejudice to being refiled as to the wantonness claim and negligent and wanton entrustment, supervision, hiring, training, and retention claims against GFA.

Done this 11th day of December, 2015.

/s/ W. Harold Albritton
W.   HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE